**United States District Court**
**District of Massachusetts**

|  |  |
|---|---|
| Manuel Robert Lucero, V,<br><br>      Plaintiff,<br><br>      v.<br><br>PayPal, Inc.,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)    Civil Action No.<br>)    23-CV-10048<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM & ORDER**

**GORTON, J.**

Plaintiff Manuel Robert Lucero, V ("plaintiff" or "Lucero") filed this complaint pro se against Venmo, LLC ("Venmo") alleging that Venmo converted and embezzled $5,000 from him. Defendant PayPal, Inc. ("PayPal" or "defendant"), which owns Venmo, filed a motion to dismiss and compel arbitration or, alternatively, to stay proceedings pending arbitration (Docket No. 27).[1]  The case will be dismissed and arbitration compelled.

## I.  Background

### A. Procedural Background

Plaintiff alleges that in June, 2022, he opened a financial account with Venmo which operates an online payment processing

---

[1] The Venmo User Agreement states that it is an agreement between PayPal, Inc. and users.  Accordingly, PayPal, not Venmo, is the proper defendant in this case and the caption of the case should be amended accordingly.

service and facilitates peer-to-peer payments.  That same month,
he sought to transfer approximately $5,000 via Venmo to a
checking account at another financial institution.  Plaintiff
alleges that Venmo notified him that his account was to be
locked and his funds held pending a review of transactions.  He
purportedly sought to contact Venmo regarding the status of the
frozen funds and the possibility of closing his account but to
no avail.

In October, 2022, plaintiff alleges that he and his
attorney attempted unsuccessfully to initiate a conversation
with representatives of Venmo regarding the status of his
account.  Plaintiff then filed a complaint against Venmo on
January 5, 2023, asserting that defendant's conduct constitutes
embezzlement, conversion and violates provisions of 15 U.S.C. §
1693, among other things.

Defendant PayPal seeks dismissal on two grounds.  First,
when plaintiff opened his Venmo account in June, 2022, he agreed
to the terms of the Venmo User Agreement which mandates
arbitration of any and all disputes related to his Venmo
account.  All of plaintiff's claims purportedly relate to his
Venmo account and therefore must be resolved in arbitration.
Second, defendant asserts that plaintiff did not properly serve
his complaint pursuant to Fed. R. Civ. P. 4(m) and Local Rule
4.1.

**B. Venmo User Agreement**

In support of its motion, PayPal submits a Venmo User Agreement that became effective in May, 2022 and was in effect when plaintiff created his Venmo account on June 21, 2022. While Venmo updated that standard agreement in September, 2022, the arbitration provisions at issue did not change.  PayPal contends that all new users are required to agree to the Venmo User Agreement.

Prospective users registering a Venmo account in June, 2022 were greeted with an application page titled "The legal stuff you've been waiting for" that directed them to a blue hyperlink labeled "User Agreement".  After they were told about the fees associated with their Venmo account, prospective users were required to check a box that confirmed that they had read and agreed to the User Agreement.  That box contained another blue hyperlink to the User Agreement itself.

The first page of the User Agreement informs prospective users that it "include[s] an agreement to resolve disputes by arbitration on an individual basis."  Further into the User Agreement, there is an "Agreement to Arbitrate" provision that states,

> [y]ou and PayPal each agree that any and all disputes
> or claims that have arisen or may arise between you
> and PayPal (including claims or disputes that arise
> out of or relate to the Venmo services or your Venmo

account), including without limitation federal and
state statutory claims, common law claims, and those
based in Agreement to Arbitrate contract, tort, fraud,
misrepresentation or any other legal theory, shall be
resolved exclusively through final and binding
arbitration or in small claims court.

The Agreement to Arbitrate provision proceeds to explain the

procedures and costs associated with arbitration.

## II.    **Legal Standard**

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq.,

mandates that written arbitration agreements shall be "valid,

irrevocable and enforceable". Id. § 2.  It was enacted to

overcome widespread "judicial resistance" to the enforcement of

arbitration agreements, Buckeye Check Cashing, Inc. v. Cardegna,

546 U.S. 440, 443 (2006), and intended to move arbitrable

disputes out of the courtroom and into arbitration in an

efficient manner, Moses H. Cone Mem'l Hosp. v. Mercury Constr.

Corp., 460 U.S. 1, 22 (1983).

A party seeking to compel arbitration under the FAA
must demonstrate that a valid agreement to arbitrate
exists, that the movant is entitled to invoke the
arbitration clause, that the other party is bound by
that clause, and that the claim asserted comes within
the clause's scope.

Soto v. State Indus. Prods. Inc., 642 F.3d 67, 72 (1st Cir.

2011) (cleaned up).  If a party enters a valid contract that

requires dispute resolution through arbitration, "she's bound by

her contract and she must resolve those claims through

arbitration." <u>Rivera-Colón</u> v. <u>AT&T Mobility P.R., Inc.</u>, 913 F.3d 200, 207 (1st Cir. 2019).

> [T]he party seeking to compel arbitration . . . bears the burden of demonstrating that a valid agreement to arbitrate exists.

<u>Rodriguez-Rivera</u> v. <u>Allscripts Healthcare Sols., Inc.</u>, 43 F.4th 150, 167-68 (1st Cir. 2022).  When considering a motion to compel arbitration, courts ordinarily apply the standard for summary judgment. <u>Id.</u> at 168.  If the non-moving party creates a genuine issue of fact regarding the arbitrability of a dispute, the motion to compel arbitration must be denied. <u>See</u> <u>id.</u>  If, however, the Court finds that an enforceable arbitration agreement exists, it may either stay the existing litigation pending arbitration or compel the parties to arbitrate and dismiss the action. <u>Bekele</u> v. <u>Lyft, Inc.</u>, 199 F. Supp. 3d 284, 293 (D. Mass. 2016).

## III.   <u>Application</u>

Before he created his Venmo account, plaintiff had multiple opportunities to review the Venmo User Agreement by clicking blue hyperlinks.  He was required to affirm that he had read and agreed to that Agreement.  The first page of that agreement states in bold letters that the parties agree to resolve disputes by arbitration and further along it contains a detailed Agreement to Arbitrate provision.

Plaintiff does not contend that he did not understand and agree to the arbitration provision in the Venmo User Agreement or that he was not bound by it.  He also does not contest that the Venmo User Agreement applies to his claims. It plainly does. See Shnayderman, v. PayPal, Inc., 2023 WL 2647898, at *6 (S.D.N.Y. Mar. 27, 2023) (finding similar claims fell within the scope of PayPal's User Agreement).

Instead, plaintiff suggests that the Court should not enforce the arbitration provision because Venmo breached the User Agreement first and because generally applicable contract defenses apply.

First, plaintiff argues that PayPal improperly refused to terminate his account.  He planned to terminate it after PayPal locked his account and, although he does not say so expressly, he presumes the arbitration agreement would no longer apply upon termination of his account.  That presumption is erroneous. Even if Lucero had terminated his account with Venmo, any claims or disputes arising from it would still have been subject to the arbitration agreement.

Plaintiff next claims that the arbitration agreement is unenforceable because PayPal violated the User Agreement when it froze his Venmo account for more than 180 days.  The Court declines to consider that argument because it goes to the merits of Lucero's claims rather than their arbitrability.  See Cortés-

Ramos v. Sony Corp. of Am., 836 F.3d 128, 129-30 (1st Cir. 2016)
(courts "compelling arbitration should decide only such issues
as are essential to defining the nature of the forum in which a
dispute will be decided" (citation omitted)).  That "defense" is
not one that would typically invalidate an arbitration
agreement. AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 339
(2011) (arbitration agreement may be invalided by defenses such
as fraud, duress, unconscionability).

Finally, Lucero insists that PayPal frustrated his ability
to enforce the arbitration agreement when it did not communicate
with him in October, 2022.  He contends that he was denied the
opportunity to articulate a claim in arbitration when he was
prevented from accessing additional information about his
account.  Lucero confuses the strength of his case once at
arbitration with his ability to enforce the arbitration
provision in the first instance.  The Venmo User Agreement
provides specific instructions regarding how a party may
commence arbitration.  Plaintiff does not suggest that he ever
tried to follow those procedures or that defendant obstructed
any attempt to begin arbitration.  The validity of the
arbitration agreement is not dependent upon the strength of the
consumer's claim under it.

There is no need for the Court to consider defendant's
argument regarding service of process.  Because all the issues

presented by plaintiff are arbitrable, a stay is unnecessary.

See Bercovitch v. Baldwin Sch., Inc., 133 F.3d 141, 156 n.21

(1st Cir. 1998).  The case will be dismissed and the parties are

directed to pursue arbitration if they choose to do so.

**ORDER**

For the reasons set forth above, defendant's motion to

dismiss and compel arbitration (Docket No. 27) is **ALLOWED.**

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge


Dated:  March 25, 2024